# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7523 | **DATE** | 10/30/12 |
| **CASE TITLE** | Nicky Michael McGhee (#2012-0617161) v. Hines, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The initial partial filing fee is waived. The trust fund officer at Plaintiff's place of confinement is authorized make deductions from Plaintiff's prison trust fund account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk shall also issue summons for Paramedic Hines. Cook County Jail and Cermak Health Services are dismissed as Defendants. The clerk shall change the caption of this case to "McGhee v. Hines" and shall forward to Plaintiff a consent form to proceed before a Magistrate Judge and instructions as to how file documents in this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

  Plaintiff Nicky Michael McGhee, currently confined at the Cook County Jail, has filed this 42 U.S.C. § 1983 suit against Cook County Jail Paramedic Hines. Plaintiff contends that Defendant has not adequately provided colostomy bags. He further contends that she has provided inadequate treatment and pain medication for his gunshot wounds.

  Plaintiff's *in forma pauperis* ("IFP") reveals that he can neither pre-pay the $350 filing fee nor an initial partial filing fee. The Court grants his motion and waives the initial fee. The trust fund officer at Plaintiff's place of confinement shall deduct monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall identify Plaintiff's name and this case number. Plaintiff shall remain obligated for the filing fee and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

  The Court has conducted a preliminary review as required under 28 U.S.C. § 1915A. The above described allegations state colorable claims of deliberate indifference to serious medical needs against Defendant Paramedic Hines. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Although the complaint is vague as to the dates of the alleged inadequate treatment, such information may be determined through discovery. As to Cook County Jail and Cermak Health Services, neither is an entity separate from Cook County or a suable party. They are dismissed as Defendants. *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

    The clerk shall issue summonses for service of the complaint on Cook County Jail Paramedic Hines. The United States Marshals Service is appointed to serve this Defendant. Any forms necessary for the Marshal to serve Defendant shall be forwarded to Plaintiff. His failure to return the forms may result in the dismissal of the Defendant. With respect to the former employee who no longer can be found at Cook County Jail, officials there shall provide the Marshal with Defendant's last-known addresses. The information shall be used only for purposes of effectuating service, or to show proof of service and documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver, the Marshal shall attempt to serve Defendant with personal service.

    Plaintiff's motion for the appointment of counsel is denied without prejudice. The case currently involves neither complex issues nor an evidentiary hearing, and Plaintiff appears competent to represent himself at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010); *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007).

    Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. Also, he must send an exact copy of any court filing to Defendant, or her attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the Plaintiff.